```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 23-212(DSD/DLM)
```

Whitney March-Ladd,

       Plaintiff,

v.                                                **ORDER**

Amazon.com Services, LLC,

       Defendant.

    Whitney March-Ladd, P.O. Box 22212, Robbinsdale, MN 55422, plaintiff pro se.

    Emily A. McNee, Esq. and Littler Mendelson, PC, 80 South EighthStreet, Suite 1300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Amazon.com Services LLC (Amazon). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This discrimination case arises out of pro se plaintiff Whitney March-Ladd's employment with Amazon.[1] On January 4, 2023, plaintiff filed a complaint against Amazon in Hennepin County District Court. See ECF No. 1-2. Amazon timely removed to this court.

---

[1] It is unclear if plaintiff worked for Amazon or was, as she states, "let go from a position [she] was due to start." ECF No. 1-2, at 3.

Plaintiff alleges that Amazon racially discriminated and retaliated against her, which resulted in her termination. See id. at 3. She also alleges that Amazon sent her "threatening and alarming emails," created "fraudulent documents," and that human resource employees lied to her. Id. She believes that the conduct underlying her claim violates the Minnesota Human Rights Act, Minn. Stat. §§ 363A.08, subdiv. 2 and 363A.33 (MHRA). Plaintiff has not provided any facts to support her conclusory allegations, however. Amazon has thus moved to dismiss the case for failure to state a claim. Plaintiff did not timely respond to the motion, but was allowed additional time in which to do so. ECF No. 16. Plaintiff ultimately – albeit past the deadline imposed by the court - filed papers in response to the motion. ECF Nos. 20-21. The court held a hearing on the motion at which plaintiff was present.

## DISCUSSION

I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

Although a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the defendant, based on some established rule of law. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). March-Ladd's complaint does not satisfy this requirement because it does not allege facts that, even if true, would entitle her to relief.

**II. MHRA**

To properly plead race discrimination under the MHRA, plaintiff must allege the following: (1) she is a member of a protected class;

(2) was qualified for the position she held; (3) was discharged; and (4) was treated differently than similarly situated nonmembers of the protected class. Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 442 (Minn. 1983). Similarly, to establish a prima facie case for a reprisal claim under the MHRA, plaintiff must plead the following elements: (1) she engaged in statutorily protected conduct; (2) adverse employment action by the employer; and (3) a causal connection between the two. Bahr v. Capella Univ., 788 N.W.2d 76, 81 (Minn. 2010) (citation and internal quotation marks omitted).

Here, the complaint provides no allegations to support the required elements of either claim. As to discrimination, plaintiff fails to state her race, the position she held or was hired for, her qualifications for the position, the nature of her termination, or that she was treated differently than similarly situated nonmembers of the unidentified protected class. As to retaliation, plaintiff does not identify any statutorily protected conduct she engaged in, nor does she set forth any facts to connect her alleged termination from Amazon to any protected conduct on her part.

Plaintiff has provided documents to the court in an effort to support her claim, ECF No. 21, but those documents – even if properly considered at this stage[2] – do not show discrimination, retaliation,

---

[2] In general, the court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule

4

or any apparent misconduct by Amazon. Even construing the complaint liberally, the court cannot find a basis for the case to move forward.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 5] is granted; and
2. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 27, 2023

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court

---

12(b)(6). See Fed. R. Civ. P. 12(d); Brooks v. Midwest Heart Grp., 655 F.3d 796, 799-800 (8th Cir. 2011).